IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT THOMAS, ) | |
| ) | |
| Plaintiff, ) | Case No.: |
| ) | |
| v. ) | COMPLAINT FOR VIOLATION OF |
| ) | CIVIL RIGHTS AND STATE |
| JOHN CICHY, MATTHEW HUDAK, ) | SUPPLEMENTAL CLAIMS |
| and TERRANCE O'BRIEN, and THE ) | |
| VILLAGE OF SCHAUMBURG, ) | |
| ) | **JURY DEMANDED** |
| Defendants. ) | |

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 [42 U.S.C. Section 1983]. This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331, and 1367.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3. At all times herein mentioned, Plaintiff, ROBERT THOMAS ("THOMAS"), was and is a citizen of the United States, and resides within the jurisdiction of this court.

4. At all times herein mentioned, Defendant JOHN CICHY ("CICHY" or "INDIVIDUAL DEFENDANT"), was employed by the Village of Schaumburg Police Department and was acting under color of state law and as the employee, agent, or representative of the Village of Schaumburg. This Defendant is being sued in his individual capacity.

5. At all times herein mentioned, Defendant MATTHEW HUDAK ("HUDAK" or "INDIVIDUAL DEFENDANT"), was employed by the Village of Schaumburg Police Department

1

and was acting under color of state law and as the employee, agent, or representative of the Village of Schaumburg. This Defendant is being sued in his individual capacity.

6. At all times herein mentioned, Defendant TERRANCE O'BRIEN ("O'BRIEN" or "INDIVIDUAL DEFENDANT"), was employed by the Village of Schaumburg Police Department and was acting under color of state law and as the employee, agent, or representative of the Village of Schaumburg. This Defendant is being sued in his individual capacity.

7. At all times herein mentioned, the VILLAGE OF SCHAUMBURG was a political division of the State of Illinois, existing as such under the laws of the State of Illinois.

8. At all relevant times, the VILLAGE OF SCHAUMBURG maintained, managed, and/or operated the Village of Schaumburg Police Department.

**FACTUAL ALLEGATIONS**

9. On November 1, 2012, Schaumburg police officers CICHY, HUDAK, and O'BRIEN entered and searched Plaintiff's home, which was located at 1328 Kingsbury Drive, Unit 3, in Hanover Park, Illinois.

10. They did not knock and announce their presence.

11. They broke down (and damaged) Plaintiff's door.

12. They did not have a warrant.

13. They had no legal cause to enter Plaintiff's home.

14. The officers stole money from him (and have not returned it).

15. There was no legal cause to seize his money.

16. The officers stole his gun (for which he had a valid FOID card) (and have not returned it).

17. There was no legal cause to seize his gun.

18. On that day and at the place, the Defendants arrested, participated in arresting, or otherwise caused the arrest of Plaintiff.

19. There was no arrest warrant for Plaintiff.

20. There was no other legal cause to arrest Plaintiff.

21. Plaintiff was then jailed in Cook County jail for approximately one week.

22. One or more of the individual defendants then caused Plaintiff to be charged with one or more criminal offenses.

23. There was no probable cause for any of these charges.

24. These charges terminated in Plaintiff's favor on or around February 1, 2013.

25. By reason of Defendants' above-described acts and omissions, Plaintiff sustained financial loss and emotional distress.

26. Defendants' above-described acts and omissions were willful, wanton, and malicious and done with reckless indifference to and callous disregard for Plaintiff's rights and justify the awarding of punitive damages against Defendants to punish and deter them.

27. By reason of Defendants' above-described acts and omissions, Plaintiff was required to retain an attorney to render legal assistance to him in this action so that he might vindicate the violation of his rights. Therefore, Plaintiffs requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## COUNT I: AGAINST INDIVIDUALS DEFENDANTS

## FOR ILLEGAL SEARCH OF HOME

28. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through twenty-seven (27) hereat as though fully set forth at this place.

29. The Defendants violated the Plaintiff's rights in the following ways: 1) they came into Plaintiff's home without a warrant or legal cause; and 2) they forced entry into Plaintiff's home without knocking and announcing.

30. The arbitrary intrusion by Defendants, into the security and privacy of Plaintiff's home was in violation of Plaintiff's constitutional rights and not authorized by law.

31. By reason of the conduct by Defendants, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

32. Therefore, the Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT II: AGAINST INDIVIDUAL DEFENDANTS

## FOR ILLEGAL SEIZURE OF PLAINTIFF'S PROPERTY

33. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through twenty-seven (27) hereat as though fully set forth at this place.

34. The seizure of Plaintiff's property (his money and his gun) by Defendants was in violation of Plaintiff's constitutional rights and not authorized by law.

35. By reason of the conduct by Defendants, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

36. Therefore, the Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**COUNT III: AGAINST INDIVIDUAL DEFENDANTS FOR FALSE ARREST**

37. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through twenty-seven (27) hereat as though fully set forth at this place.

38. By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges, and immunities secured to him by the Fourth Amendment and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

39. The arrest of Plaintiff as alleged above was caused by Defendants and was done without probable cause and was unreasonable. Therefore, the individual defendants are liable for this arrest under 42 U.S.C ¶ 1983.

**COUNT IV: AGAINST ALL DEFENDANTS FOR MALICIOUS PROSECUTION**

40. Plaintiff hereby incorporates and re-alleges paragraphs (1) through twenty-seven (26) hereat as though fully alleged at this place.

41. Defendants maliciously commenced and/or caused to be continued criminal proceedings against Plaintiff without probable cause.

42. Defendants facilitated this malicious prosecution in one or more of the following ways: creating or coercing false criminal complaints; providing false evidence; telling false stories to prosecutors; and creating false reports that were relied upon by prosecutors.

43. The criminal proceeding against Plaintiff terminated in his favor.

44. The VILLAGE OF SCHAUMBURG is liable to Plaintiff for the acts of the individual defendants pursuant to the doctrine of *respondeat superior*.

45. Therefore, all Defendants are liable under the state supplemental claim of malicious prosecution.

## COUNT V
## AGAINST VILLAGE OF SCHAUBURG for
## STATUTORY LIABILITY under 745 ILCS 10/9-102

46. Plaintiff hereby incorporates and re-alleges paragraphs (1) through forty-five (45) hereat as though fully alleged at this place.

47. Pursuant to 745 ILCS 10/9-102, the VILLAGE OF SCHAUMBURG is empowered and directed to pay any judgment for compensatory damages (and any associated attorneys' fees and costs) for which an employee police officer, acting within the scope of his employment, is found liable.

48. The acts and/or omissions of the individual defendants and each of them were committed within the scope of their employment.

49. In the event that a judgment for compensatory damages is entered against the individual defendants and/or any of them, the VILLAGE OF SCHUAMBURG must pay the judgment as well as the associated attorneys' fees and costs.

WHEREFORE, Plaintiff, ROBERT THOMAS, by and through his attorney, Law Office of Julie O. Herrera, requests judgment as follows against the Defendants:

1. That Defendants be required to pay Plaintiff's compensatory damages;
2. That Defendants be required to pay Plaintiff's attorney's fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;
3. That the Individual Defendants be required to pay punitive damages;
4. That Defendants be required to pay Plaintiff's costs of the lawsuit; and
5. That Plaintiff have such other and further relief as this Court may deem just and proper.

Respectfully submitted,

                                        BY:    <u>Julie O. Herrera</u>
                                                         Julie O. Herrera

Law Office of Julie O. Herrera
53 W. Jackson, Suite 1615
Chicago, IL 60604
Tel: 312-697-0022
Fax: 312-697-0812

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

                                        BY:    <u>Julie O. Herrera</u>
                                                         Julie O. Herrera

Law Office of Julie O. Herrera
53 W. Jackson, Suite 1615
Chicago, IL 60604
Tel: 312-697-0022
Fax: 312-697-0812